UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

---

| | |
|---|---|
| VELMA D. WILLIAMS and ANTHONY LEE WILLIAMS, | CIVIL ACTION NO. |
| Plaintiffs, | |
| vs. | JUDGE: |
| WELBILT WALK-INS, LP[1] | MAGISTRATE: |
| Defendant. | |

---

## NOTICE OF REMOVAL

---

PLEASE TAKE NOTICE that WELBILT WALK-INS, LP ("Welbilt" or "Defendant"), Defendant in a suit filed by Plaintiffs, Velma D. Williams and Anthony Lee Williams (collectively referred to as "Plaintiffs"), which is now pending in the Circuit Court for Sullivan County, State of Tennessee, bearing Docket No. C14629(C), hereby removes and files this Notice of Removal of this suit from the Circuit Court for Sullivan County, State of Tennessee, to the United States District Court for the Eastern District of Tennessee, and respectfully avers as follows:

1. Defendant, Welbilt Walk-Ins, LP, desires to exercise its rights under the provisions of Title 28 U.S.C. § 1441, *et. seq.*, to remove this action from the Circuit Court for Sullivan County, State of Tennessee, in which said cause is now pending under the name and style "Velma D.

---

[1] The original case identified AccuForce Staffing Services LLP as a named defendant. On March 28, 2014, Plaintiffs' counsel filed a Notice of Voluntary Non-Suit as to AccuForce Staffing Services, LLP, pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure, leaving Welbilt as the only defendant in this matter. *(See Notice of Voluntary Non-Suit Attached as Exhibit 13)*

1

Williams and Anthony Lee Williams v. Welbilt Walk-Ins, LP and AccuForce Staffing Services, LLC,[2]" Docket No. C14629(C).

2. This action is removable because certain of Plaintiffs' claims arise under the laws of the United States and, as such, are within the original jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1331.

3. By way of a Summons and Complaint filed on August 14, 2013, Plaintiffs commenced an action captioned "Velma D. Williams and Anthony Lee Williams v. Kysor Panel Systems, Welbilt Walk-Ins LP, Kysor Industrial Corporation, and Accuforce HR Solutions, LLC," Docket No. C14629(C) in the Circuit Court for Sullivan County, State of Tennessee. (*See Summons and Complaint Attached as Exhibit 1.*)

4. The Summons and Complaint were served upon Corporation Service Company, the registered agent for Welbilt, on August 21, 2013. (*See Welbilt Notice of Service of Process Attached as Exhibit 2.*)

5. The Summons and Complaint were served upon Accuforce, on August 30, 2013. (*See Accuforce Notice of Service of Process Attached as Exhibit 3.*)

6. Welbilt received a draft copy of Plaintiffs' motion to amend the Complaint and a draft copy of the First Amended Complaint on October 1, 2013.

7. Plaintiffs moved to amend the Complaint on October 3, 2013. (*See Plaintiffs' Motion Attached as Exhibit 4.*)

---

[2] As stated in Footnote 1, the original case identified AccuForce Staffing Services LLP as a named defendant. On March 28, 2014, Plaintiffs' counsel filed a Notice of Voluntary Non-Suit as to AccuForce Staffing Services, LLP, pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure, leaving Welbilt as the only defendant in this matter. *(See Notice of Voluntary Non-Suit Attached as Exhibit 13)*

8. An agreed upon Order was entered on October 3, 2013 to serve process on Accuforce Staffing Solutions, LLC, and granting Plaintiffs leave to amend their Complaint. (*See Order Attached as Exhibit 5.*)

9. Plaintiffs filed their First Amended Complaint on October 3, 2013. (*See First Amended Complaint Attached as Exhibit 6.*)

10. Plaintiffs filed a Notice of Voluntary Non-Suit on October 10, 2013 removing Kysor Panel Systems, Kysor Industrial Corporation, and Accuforce HR Solutions, LLC, from the action. *(See Notice of Voluntary Non-Suit Attached as Exhibit 7.)*

11. Accuforce received a copy of Plaintiffs' First Amended Complaint on October 11, 2013.

12. Defendants received Plaintiffs' motion to amend the First Amended Complaint and a proposed draft of Plaintiffs' Second Amended Complaint on February 28, 2014. (*See Plaintiffs' Motion Attached as Exhibit 8.*)

13. The court granted Plaintiffs' motion to amend the First Amended Complaint on March 12, 2014. *(See Order Attached as Exhibit 9.)*

14. Plaintiffs filed a Second Amended Complaint on March 17, 2014. (*See Second Amended Complaint Attached as Exhibit 10.*)

15. This Notice of Removal is timely as it is filed with this Court within thirty (30) days of the date on which Defendants received notice of Second Amended Complaint, as required by 28 U.S.C. § 1446(b)(3).

16. Plaintiff Velma D. Williams was employed by Accuforce, which contracted with Welbilt to provide staffing services.

17. Plaintiff Velma D. Williams started working at Welbilt on May 22, 2012, and Welbilt informed Accuforce that it no longer required the services of Ms. Williams as of October 3, 2012.

18. Plaintiff Velma D. Williams alleges that while working at Welbilt, she was discriminated and retaliated against on the basis of race and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, the Tennessee Human Rights Act, the Tennessee Public Protection Act, and Tennessee common law. (*See Second Amended Complaint Attached as Exhibit 10.*)

19. Plaintiffs allege that they suffered a loss of consortium. (*See Second Amended Complaint Attached as Exhibit 10.*)

20. Plaintiffs seek damages for all pecuniary losses, compensatory, punitive, or statutory damages as may be available, and attorney fees and costs.

21. Plaintiff Velma D. Williams filed a race discrimination and retaliation complaint with the Equal Employment Opportunity Commission ("EEOC") on November 21, 2012, and amended her EEOC complaint on June 12, 2013. Plaintiff Velma D. Williams received a right to sue letter from the EEOC on January 7, 2014.

## FEDERAL QUESTION JURISDICTION

22. The defendant in a state civil action may exercise the rights afforded in 28 U.S.C § 1441(a) to remove the suit to a United States district court with original jurisdiction.

23. The court has original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331(a). The court has federal question jurisdiction by a showing that "either [] federal law creates the cause of action or that the plaintiffs['] right to relief necessarily depends on resolution of a substantial question of

federal law." *Warthman v. Genoa Twp. Bd. Of Trustees*, 549 F.3d 1055, 1061 (6th Cir. 2008) (internal citing citation and quotation omitted).

24. Plaintiffs' Second Amended Complaint alleges causes of actions for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. Because Plaintiffs' claims are causes of action under federal law, removal of this action, including all of Plaintiffs' claims, is therefore proper under 28 U.S.C. § 1441(a).

## SUPPLEMENTAL JURISDICTION

25. Under 28 U.S.C. § 1367(a), the court may exercise supplemental jurisdiction over state law claims when the claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "In other words, if there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998).

26. When the state law claims "derive from a common nucleus of operative facts," the claims are considered "part of the same case or controversy" as the claims conferring original jurisdiction. *Blakely v. U.S.*, 276 F.3d 853, 861 (6th Cir. 2002) (internal citation and quotation omitted).

27. Plaintiffs' federal law claims stem from a series of events allegedly taking place while Velma D. Williams worked at Welbilt.

28. Plaintiffs' state law claims for alleged violations of the Tennessee Human Rights Act, the Tennessee Public Protection Act, Tennessee common law, and loss of consortium derive from the same series of events allegedly taking place while working at Welbilt.

29. Pursuant to 28 U.S.C. § 1446(a), venue is proper in United States District Court, Eastern District of Tennessee, because the Circuit Court for Sullivan County is within the Eastern District of Tennessee.

30. Defendant Welbilt filed a Notice for Admission *Pro Hac Vice*, Proposed Order Granting Motion for Admission *Pro Hac Vice* and corresponding affidavits with the Circuit Court for Sullivan County, State of Tennessee. *(See attached Pro Hac Vice Documents Attached as Exhibit 11)*

31. In addition, Welbilt has filed an Answer and Affirmative Defenses to the Plaintiffs' Complaint and First Amended Complaint.

32. Pursuant to 28 U.S.C. § 1446(d), notice has been given to the Clerk of Court, Circuit Court for Sullivan County, State of Tennessee, and to Plaintiffs, Velma D. Williams and Anthony Lee Williams, through attorney, E. Patrick Hull.

33. Defendant has included a copy of all process, pleadings and orders served in the state court action.

34. As required, Defendant/Movant is filing with this Notice of Removal the following:
    a. Civil Cover Sheet;
    b. A copy of all other documents filed in Case No. C14629(C) in the Circuit Court for Sullivan County, State of Tennessee (*See Attached Exhibit 12*);
    c. List of all attorneys including their addresses, telephone numbers, and parties represented.

35. Defendant/Movant respectfully requests that this court take jurisdiction in this civil action to its conclusion and to the inclusion of any further proceedings in the State Court in

accordance with the legal principles cited above, and in accordance with established federal law.

**WHEREFORE,** premises considered, Defendant, Welbilt Walk-Ins, LP, prays that this Notice of Removal be filed and that this action, now pending in the Circuit Court for Sullivan County, State of Tennessee, be removed to the United States District Court for the Eastern District of Tennessee.

Dated: March 31, 2014.

>Respectfully submitted,
>
>EVANS | PETREE, PC
>
>s/Aaron Nash
>Aaron Nash (TN BPR No. 024631)
>anash@evanspetree.com
>2550 Meridian Boulevard, Suite 200
>Franklin, Tennessee  37067
>Phone: 615.473.1462
>Fax: 615.349.3528
>
>s/Charles W. Cavagnaro, Jr.
>Charles W. Cavagnaro, Jr. (TN BPR No. 17917)
>ccavagnaro@evanspetree.com
>1000 Ridgeway Loop Road, Suite 200
>Memphis, TN  38120
>Telephone: (901) 525-6781
>Facsimile: (901) 521-0681
>*(Motion for Admission Pro Hac Vice forthcoming)*
>
>ATTORNEYS FOR DEFENDANT
>WELBILT WALK-INS, LP

### CERTIFICATE OF SERVICE

I hereby certify on March 31, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing, and I hereby

certify that I have mailed by United States Post Service the paper to the following non-ECF participants: served upon counsel of record for Plaintiff, E. Patrick Hull, P.O. Box 1338, Kingsport, TN 37762, and filed with the Clerk of the Circuit Court for Sullivan County, State of Tennessee, in which the state civil action was originally filed, in conformity with 28 U.S.C. § 1446(d).

Dated: March 31, 2014.

Respectfully submitted,

s/Aaron Nash
Aaron Nash (TN BPR No. 024631)
anash@evanspetree.com
2550 Meridian Boulevard, Suite 200
Franklin, Tennessee 37067
Phone: 615.473.1462
Fax: 615.349.3528

s/Charles W. Cavagnaro, Jr.
Charles W. Cavagnaro, Jr. (TN BPR No. 17917)
ccavagnaro@evanspetree.com
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120
Telephone: (901) 525-6781
Facsimile: (901) 521-0681
*(Motion for Admission Pro Hac Vice forthcoming)*