# EXHIBIT 1

10/01/06                           SUM—1

# STATE OF TENNESSEE
# SULLIVAN COUNTY
# SUMMONS

VELMA D. WILLIAMS, and,

ANTHONY LEE WILLIAMS

LAW COURT, PART (I) (II)
AT (~~BLOUNTVILLE~~) (BRISTOL)
(~~KINGSPORT~~), TENNESSEE

CIVIL ACTION NO. _C14629(C)_

VS

KYSOR PANEL SYSTEMS, WELBILT
WALK-INS LP, KYSOR INDUSTRIAL
CORPORATION, and, ACCUFORCE HR
SOLUTIONS, LLC.

**NOTICE**
TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

TO THE ABOVE NAMED DEFENDANT (S):

You are hereby summoned and required to serve upon _E. PATRICK HULL_____,
_____, plaintiff's attorney, whose address is _P.O. BOX 1388, KINGSPORT, TENNESSEE 37662_____ an answer to the complaint which is herewith served upon you within thirty (30) days after service of the summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Tested this _____ day of _____, _____. Issued this _14_, day of _August_, _2013_.

TOMMY R. KERNS
Clerk
By: _Jeffery George_
Deputy Clerk

Received this _____ day of _____, _____.
_____ Deputy Sheriff

## RETURN

I certify and return that I:

☐ served this summons together with the complaint as follows:
_____
_____

☐ failed to serve this summons within thirty (90) days after its issuance because:
_____

Date _____

_____
Deputy Sheriff

☐ accept service
I, _____, hereby accept service of process in this case as fully and in all respects, as though I had been personally served by a Deputy Sheriff of Sullivan County, and I acknowledge that I received a copy of the summons and complaint in this case.

This the _____ day of _____, _____.

_____
Defendant

IN THE LAW COURT FOR SULLIVAN COUNTY, TENNESSEE
AT BRISTOL, TENNESSEE

| | |
|---|---|
| VELMA D. WILLIAMS and<br>ANTHONY LEE WILLIAMS,<br><br>PLAINTIFFS,<br><br>vs.<br><br>KYSOR PANEL SYSTEMS, WELBILT<br>WALK-INS LP, KYSOR INDUSTRIAL<br>CORPORATION, and ACCUFORCE<br>HR SOLUTIONS, LLC,<br><br>DEFENDANTS. | CIVIL ACTION NO. C14629(C)<br>JURY REQUESTED |

## COMPLAINT

1. This is an action for relief arising out of discriminatory action taken against the Plaintiffs by Defendants on the basis of race and retaliation in violation of: (A) The Tennessee Human Rights Act, Tenn. Code Ann. 4-21-101, *et seq.*; (B) the Tennessee Public Protection Act, Tenn. Code Ann. Section 50-1-304; (C) Tenn. Code Ann. 25-1-106, providing for a claim for loss of consortium in behalf of spouses, (D) the common law of the State of Tennessee, and other relevant statutes of the State of Tennessee

2. Plaintiffs Velma D. Williams and Anthony Lee Williams are citizens and residents of Bristol, Sullivan County, Tennessee. They are both African-American.

3. Defendant Kysor Panel Systems ("Kysor") operates a business in Piney Flats, Sullivan County, Tennessee. Kysor uses several names to identify itself, and apparently does

business in the State of Tennessee under several names and/or entities, and Plaintiffs have included all such names, and all are collectively referred to herein as "Kysor."

4. Defendant AccuForce HR Solutions LLC maintains an office and does business in Kingsport, Sullivan County, Tennessee.

5. Defendants are "Employers" within the meaning of the Tennessee Human Rights Act (THRA).

6. Plaintiff Velma Williams was employed, beginning on May 22, 2012 at Kysor. Her employment was contracted through AccuForce, and plaintiffs allege that the Defendants were joint employers, of the Plaintiff, and that they are jointly and severally liable to Plaintiffs.

7. When Plaintiff Velma Williams began work at Kysor, she was told by representatives of AccuForce and by representatives at Kysor that if her work was acceptable, she would be hired permanently after a 90 day trial period.

8. While employed at Kysor, Velma Williams was consistently told that her employment was going well and that she was doing a good job. She did not have any disciplinary incidents or write ups, her production was at the top of her department compared to her peers and she missed only one day of work due to a death in her family.

9. Velma D. Williams was subjected to a number of incidents of racial harassment which were either severe or pervasive, or both, and which constitute harassment based upon her race and her color.

10. In August of 2012, a co-worker gave her a white power sign and told her to get used to it. This incident was witnessed by her supervisor, Kevin Bennett who told the co-worker not to do that again, but otherwise did nothing about it.

11. Plaintiff Velma D. Williams began to feel anxious about her employment, about the racial harassment and discrimination which existed there and these problems caused her to feel anxious and fearful.

12. Several of Plaintiff Velma D. Williams' co-workers told her that this type of racial harassment was done all the time in this department.

13. The same co-worker who gave her a white power sign, also told Velma Williams that every white person should "have a slave at home."

14. One employee, Plaintiff Velma Wiliams' team leader, told her that she had been a prison guard in the past, and had learned about black people having "nappy hair," and also said that she would tell the black inmates to get their black "a----" against the wall and said that she knew how to mistreat black people if she got angry with them.

15. Plaintiff Velma D. Williams' team leader also commented about her work ID photo, stating that "No one would know it was [Plaintiff] since all you can see was a dark circle."

16. The verbal racial harassment continued at work. Plaintiff Velma Williams tried to persevere because she needed her job and because she thought she could persevere and the harassment might stop. Defendant Kysor knew about the harassment.

17. Plaintiff's supervisor, Kevin Bennett adopted a policy of refusing to let white workers in the plant help Velma D. Williams, although he would let them help white employees.

18. At one time, Plaintiff Velma Williams was arranging some labels at her workplace and her supervisor Kevin Bennett asked if that was "ghetto art."

19. In addition to the verbal harassment, Plaintiff Velma D. Williams' co-workers gave her faulty equipment to work with, screamed at her, and harassed her, and at one point caused her to suffer an injury with a nail gun and then laughed at her.

3

20. Plaintiff reported these things to AccuForce which did nothing about it.

21. After Plaintiff was injured utilizing faulty equipment which was given to her, her co-workers laughed at her and then stated that they hoped that the safety incident did not cause them to lose their bonuses. Plaintiff was told that some of the employees at the plant waited outside for workers who cost people their bonuses.

22. Plaintiff took this as a statement that she was being threatened with physical harm.

23. At this point in time, Plaintiff Anthony Lee Williams began to meet his wife outside the building after work to escort her home, in order to protect her from harm.

24. In October 2012 the same co-worker who had verbally harassed Velma Williams previously, called her his slave.

25. When the Plaintiff spoke to him about it, this co-worker told him that he would hit her in the mouth so hard that her husband would feel it. This incident was witnessed by other workers at the plant.

26. At this point, Velma Williams became very afraid that she was going to be physically harmed.

27. Plaintiff reported this incident to her team leader who told her that the co-worker had a right to talk to her in that manner.

28. Plaintiff's team leader told her to report any such incidents to her supervisor Kevin Bennett which she did.

29. Plaintiff Velma Williams became more anxious and fearful due to the racial harassment, the threats of violence and the fact that her team leaders and supervisors at the plant were doing nothing about the harassment.

4

Case 2:14-cv-00104-JRG-DHI   Document 1-2   Filed 03/31/14   Page 6 of 13   PageID #: 15

30. In the early part of October 2012, plaintiff filed a complaint of harassment and discrimination with Kysor.

31. After this complaint was filed, she was made to continue to work with the co-worker who was harassing her.

32. Kysor did nothing about Plaintiff Velma D. Williams' complaint. Plaintiff was told that other workers in the department had been instructed not to talk to her.

33. Plaintiff Velma Williams also reported the harassment to AccuForce, which did nothing about it.

34. Plaintiff Velma D. Williams talked with a Kysor representative in the Human Resources Department. This representative told Plaintiff Velma Williams that he had not had any such complaints before and told her that was "the way it goes." The Kysor representative in the Human Resources Department also told Velma Williams that workers at the plant had bets on how long she would last on the job.

35 Despite having been made aware of Plaintiff Velma D. Williams' complaint, Kysor took no action regarding her complaint.

36. On October 3, 2012 a few days after she filed her complaint, plaintiff was terminated.

37. Plaintiff reported all of this to AccuForce which did nothing to assist her.

38. At the time Velma Williams was hired, Kysor also hired a white worker on a 90 day trial. Plaintiffs allege that this worker had the same general job duties, worked in the same department and had the same supervisor. Plaintiff alleges that this worker's production and record was not as good as hers, however this employee was retained by the Kysor and Plaintiff Velma Williams was fired.

5

39. Plaintiff also alleges that other white workers were treated more favorably than she was.

## COUNT ONE
## RACIAL DISCRIMINATION

40. Plaintiffs incorporate Paragraphs 1 through 39 above as if fully set forth herein.

41. Plaintiffs assert that Defendants discriminated against Plaintiff on the basis of her race in violation of the Tennessee Human Rights Act ("THRA") T.C.A. Sections 4-21-101, *et. seq.*, and Tennessee common law.

42. Plaintiff Velma Williams is an African-American and she alleges that Defendants treated her differently than non-minority employees and Defendants' actions were deliberate, willful and intentional discrimination based upon Plaintiff's race.

43. Defendants also violated Plaintiff Velma Williams' rights under the THRA by retaliating against her for filing a complaint of discrimination.

44. Defendants' continued discrimination against Plaintiffs culminated in Plaintiffs' losses as set out herein.

45. Defendants' actions as set out above, constitute an adverse employment action.

## COUNT TWO
## COLOR DISCRIMINATION

46. Plaintiffs incorporate Paragraphs 1 through 39 above, as if fully set out herein.

47. Plaintiffs asserts that Defendant discriminated against Plaintiffs on the basis of Plaintiffs' color in violation of the Tennessee Human Rights Act (THRA) pursuant to T.C.A. Sections 4-21-101, *et. seq.*

48. Plaintiff Velma Williams is an African-American and she bears the physical characteristics consistent with that heritage, including skin color. Plaintiffs allege that Defendants treated her differently than white employees and Defendant's actions were deliberate, willful and intentional discrimination based upon Plaintiff's color.

49. Defendants also violated Plaintiff Velma Williams' rights under the THRA by retaliating against her for filing a complaint of discrimination.

50. Defendants' continued discrimination against Plaintiff Velma Wiliams culminated in Plaintiffs' losses as set out herein.

51. Defendants' actions as set out above, constitute an adverse employment action.

## COUNT THREE
## RACE AND COLOR DISCRIMINATION
## 42 U.S.C. 1981

52. Plaintiffs incorporate Paragraphs 1 through 39 above as if fully set forth herein.

53. Plaintiffs asserts that Defendants' actions as set out herein, constitute a violation of 42 U.S.C. Section 1981.

54. Defendants denied to the Plaintiffs the same right to make and enforce contracts, and denied to the Plaintiffs the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship as is enjoyed by white citizens, within the meaning of 42 U.S.C. 1981.

55. Defendants' actions, including the adverse employment actions, as set out herein, constitute deliberate, willful and intentional discrimination based upon Plaintiffs' race.

## COUNT FOUR
## COMMON LAW RETALIATORY DISCHARGE

56. Plaintiffs incorporate Paragraphs 1 through 39 above as if fully set out herein.

57. Plaintiffs avers that Defendants are liable under the common law of the State of Tennessee for the retaliatory discharge of Velma D. Williams.

58. Plaintiffs aver Velma Williams was an at-will employee of the Defendants, she was discharged and that her discharge was in violation of a clear public policy of the State of Tennessee, and that the cause of her discharge was her reporting of racial harassment, or in the alternative, it was a substantial factor in her discharge.

59. Plaintiffs aver that Defendants are liable to them for damages applicable under the Common Law of retaliatory discharge including but not limited to loss of wages and benefits, back pay, front pay, pain and suffering, humiliation and embarrassment.

60. Defendants' conduct in discharging Plaintiff Velma Williams is in violation of the law of retaliatory discharge, and in violation of T.C.A. Section 50-1-304, et. seq. in that it was intentional, malicious, outrageous, and unconscionable, such as to render the Defendants liable for punitive damages.

## COUNT FIVE
## RETALIATION UNDER THE
## TENNESSEE PUBLIC PROTECTION ACT

61. Plaintiffs incorporate Paragraphs 1 through 39 above, as if fully set out herein.

62. Plaintiffs aver that Defendants are liable to them under the Tennessee Public Protection Act, Tenn. Code Ann. Section 50-1-304, *et seq.*

63. Plaintiffs aver that Defendants are liable to her for damages applicable under the Tennessee Public Protection Act, Tenn. Code Ann. Section 50-1-304, including but not limited to, loss of wages and benefits, back pay, front pay, pain and suffering, humiliation and embarrassment.

64. Defendants' conduct in discharging Plaintiff Velma Williams is in violation of T.C.A. Section 50-1-304, et. seq. in that it was intentional, malicious, outrageous, and unconscionable, such as to render the Defendants liable for punitive damages.

## COUNT SIX
## LOSS OF CONSORTIUM

65. Plaintiffs incorporate Paragraphs 1 through 39 above, as if fully set forth herein.

66. At all times herein, the Plaintiffs were married and the Plaintiffs continue to be married, and sue for loss of consortium as provided in Tenn. Code Ann. 25-1-106.

67. As a result of the wrongful acts of the Defendant, as set out above, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

68. That all the aforesaid injuries and damages were caused solely and proximately by the wrongful acts of the Defendants.

## APPLICABLE TO ALL COUNTS

69. Plaintiffs have suffered direct pecuniary losses as a result of Defendants' violations of the law, as set out above, and Plaintiffs will continue to suffer direct pecuniary losses as a result of Defendants' actions as set out herein.

70. Plaintiffs are entitled to compensation for past, present and future wages and benefits, front pay, back pay, incidental damages, attorneys fees, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, and other nonpecuniary

9

damages.

71. Plaintiffs further submit that the Defendants have acted: (a) intentionally, (b) maliciously, or (c) recklessly in terminating Plaintiff Velma Williams' employment and that Plaintiffs are entitled to punitive damages.

WHEREFORE, Plaintiffs pray for the following relief:

A. Process issue against the Defendants requiring Defendants to answer this Complaint within the time required by law;

B. Plaintiffs be awarded all damages to which they are entitled under the Tennessee Human Rights Act, T.C.A. Sections 4-21-101, *et. seq.* for race discrimination and color discrimination, in an amount not to exceed $ 750,000.

C. Plaintiffs be awarded all damages to which they are entitled under 42 U.S.C, 1981, in an amount not to exceed $ 750,000

D. Plaintiffs be awarded such damages that they are entitled for common law retaliatory discharge as set out above, in an amount not to exceed $ 750,000.00.

E. Plaintiffs be awarded all damages under the Tennessee Public Protection Act, Tenn. Code Ann. Section 50-1-304, in an amount not to exceed $ 750,000.00.

F. Plaintiffs be awarded punitive damages in the amount of $ 750,000 or an amount to be determined by the jury;

G. Plaintiffs be awarded their attorney's fees and costs.

H. A jury to try this action.

I. Plaintiffs have such other, further and general relief to which they are entitled and that Defendants be taxed with the costs of this cause, including all cost and expenses incurred as a result of the preparation and presentation of the claim.

Respectfully submitted,

_____
Velma D. Williams, Plaintiff

_____
Anthony Lee Williams, Plaintiff

_____
E. Patrick Hull BPR # 004437
Attorney for Plaintiffs
P.O. Box 1388
Kingsport, TN 37662
423-247-6151
Fax: 423-247-6152
pat@hull-firm.com

11